THE COCA COLA BOTTLING COMPANY OF PUERTO RICO, INC., Plaintiff and Appellee, *v.* MUNICIPALITY OF AGUADILLA, Defendant and Appellant.

No. O-68-112.    Decided April 27, 1971.

*Héctor Reichard* and *Héctor Reichard, Jr.,* for appellant.
*Beverley, Rodríguez, Estrella & Pesquera* for appellee.

PER CURIAM: The Municipal License Tax Act, 21 L.P.R.A. §§ 621–640, classifies the businesses or industries subject to taxation in three groups. In group A it includes, among others, wholesale stores and in group B it includes factories

manufacturing soda and carbonated water. Group C has no relation whatsoever with the facts of this case.

In or about 1965 the appellee Coca Cola Bottling Company of Puerto Rico, Inc., had its factory of carbonated water in Hato Rey and it operated a warehouse in the Municipality of Aguadilla for the wholesale distribution of the manufactured product. The Municipality of Aguadilla levied upon appellee the tax corresponding to group A—wholesale store— instead of that corresponding to group B. Appellee made the payments under protest and filed a complaint before the District Court requesting the return of the difference in the type of taxes. The trial court, relying on the decision in *Coca Cola Bottling Company* v. *Secretary of Labor*, 88 P.R.R. 329 (1963), sustained the complaint concluding that the wholesale distributing business in Aguadilla was an integral part of the manufacturing operation of Hato Rey, inasmuch as the latter consisted of two principal functions, the production of the article in itself and its storage, distribution, and sale, and that, therefore, appellee was only bound to pay the tax type B, applicable to soft drink factories.

■■ Said judgment is erroneous and it cannot prevail. The evident purpose of the Municipal License Tax Act is to empower each municipality to levy the license tax on the specific operation which the industry or business performs within its jurisdiction. See Act No. 93 of June 25, 1962.[1] Appellee operates a warehouse in Aguadilla for the wholesale distribution of the product it manufactures in Hato Rey. It

---

[1] Insofar as pertinent Act No. 93 of June 25, 1962 provides:

"Provided, however, that in the case of businesses or industries with headquarters established in a given municipality and keeping other industrial and commercial organizations, sale offices, branches or warehouses doing business in municipalities other than the one where the headquarters are located, the municipal license tax shall be levied by each municipality where the headquarters of the firm keeps offices, branches, warehouses or other industrial or commercial organizations, on the basis of the volume of business carried out by or in behalf of the said home office in said municipality."

does not operate any factory in said Municipality. Appellee's operation in Aguadilla falls clearly under classification A, wholesale store. The cited case *Coca Cola Bottling Company v. Secretary of Labor, supra,* is not applicable since it deals with the scope of a mandatory decree under the Minimum Wage Act, and not with the interpretation of the Municipal License Tax Act.

The judgment appealed from will be reversed and the record remanded to the trial court so that another judgment be rendered consistent with the pronouncements herein.